UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DKCLM, LTD.,
DALE KREIL,

        Plaintiffs,

      v.                                                  Case No. 11-C-933

EAGLE MOVERS, INC.,
APOLLO PROPERTIES, LLC,
BRYAN DOMIN,
PAMELA K. MILLER, and
COUNTY OF MILWAUKEE,

        Defendants.

N & S TOWING INC.

        Counter-Claimant
      v.

DKCLM, LTD., and
DALE KREIL

        Counterclaim Defendant.

## DECISION AND ORDER

This action filed by the Plaintiffs, DKCLM Ltd. ("DKCLM") and Dale Kreil ("Kreil"), pursuant to 42 U.S.C. § 1983 against the Defendants, Eagle Movers, Inc. ("Eagle"), Apollo Properties, LLC ("Apollo"), Bryan Domin ("Domin"), a member of Apollo, Pamela K. Miller ("Miller"), a Milwaukee County deputy sheriff, and Milwaukee County (the "County"), arises out of the issuance and execution of a writ

of restitution by members of the Milwaukee County Sheriff's Department in the fall of 2005, at a property Apollo leased to the Plaintiffs. The Plaintiffs allege that the Defendants violated their Fourteenth Amendment due process clause rights by securing and executing the writ of restitution without notice or allowing any opportunity to be heard. Plaintiffs seek compensatory damages, punitive damages from the individual defendants, costs, attorney fees, and litigation expenses. The Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and § 1343(b).

Counter-claimant N & S Towing Inc. ("N & S"), formerly a defendant in this action, filed a state law unjust enrichment counterclaim against the Plaintiffs for six years of unpaid storage fees for three Corvettes that it removed from the property during the October 2005 eviction. As of December 30, 2011, N & S alleged that the outstanding storage fees for the cars, at $50.00 per car, were $11,000 plus interest. N & S invokes the Court's supplemental jurisdiction pursuant 28 U.S.C. § 1367(a).

Several motions are pending in this action: a motion for judgment on the pleadings or for summary judgment filed by the County and Miller; the Plaintiffs' motion to exclude the expert testimony of Sheriff's Department Detective Jon Nilsen; and a motion for judgment on the pleadings or summary judgment filed by Apollo and Domin. (ECF Nos. 34, 46, 48.)

In the course of reviewing the pending motions, the Court notes a threshold issue of subject matter jurisdiction that must be addressed. *See Wernsing v. Thompson,* 423 F.3d 732, 743 (7th Cir. 2005) ("[N]ot only may the federal courts police subject

matter jurisdiction *sua sponte*, they must." (citation and quotation omitted)). "Jurisdiction is the 'power to declare law,' and without it the federal courts cannot proceed." *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (quoting *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 577 (1999)).

Specifically, the Court must address whether this action may proceed despite the *Rooker–Feldman* doctrine – so named based on the two Supreme Court decisions from which it is derived, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). As the court of appeals has explained, "[t]he *Rooker-Feldman* doctrine is a rule of federal jurisdiction," *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004), which "deprives federal courts of subject matter jurisdiction where a party . . . sues in federal court seeking to set aside the state court judgment and requesting a remedy for an injury caused by that judgment." *Johnson v. Orr,* 551 F.3d 564, 568 (7th Cir. 2008). *Rooker-Feldman* is applicable "not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations," *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008), "except where the plaintiff lacked a reasonable opportunity to present those claims in state court." *Beth-El All Nations Church v. City of Chicago,* 486 F.3d 286, 292 (7th Cir. 2007).

The party asserting jurisdiction bears the burden of demonstrating subject matter jurisdiction by competent proof. *Thomson v. Gaskill,* 315 U.S. 442, 446 (1942);

*Sprint Spectrum L.P. v. City of Carmel, Ind.,* 361 F.3d 998, 1001 (7th Cir. 2004). The Court must dismiss an action without reaching the merits if there is no jurisdiction. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 430-31 (2007).

Additionally, with respect to N & S's counterclaim, the supplemental jurisdiction statute provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Court notes that if it lacks jurisdiction over the Plaintiffs' action, the sole basis for invoking federal jurisdiction would be nonexistent and the federal courts should not exercise supplemental jurisdiction over N & S's state law counterclaim. *See, e.g., Wright v. Associated Ins. Cos. Inc.,* 29 F.3d 1244, 1251 (7th Cir. 1994).

Therefore, the Court will require the parties to brief the jurisdictional issues, and requests that those briefs discussing the *Rooker-Feldman* doctrine address *Crawford v. Countrywide Home Loans, Inc.,* 647 F.3d 642, 646 (7th Cir. 2011). To allow briefing and resolution of the issues, the final pretrial conference and trial dates are suspended; if appropriate, they will be rescheduled in the future.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The following schedule will govern the briefing of the subject matter jurisdiction issue:

The Plaintiffs and N & S must file their initial briefs on or before **March 26, 2014**;

The Defendants must file their response briefs on or before **April 25, 2014**; and,

Any reply briefs must be filed by the Plaintiffs and/or N & S on or before **May 12, 2014**.

The Clerk of Court is **DIRECTED TO REMOVE** the May 5, 2014, final pretrial conference and May 19, 2014, jury trial dates from the Court's calendar.

Dated at Milwaukee, Wisconsin, this 25th day of February, 2014.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA
U.S. District Judge**