# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DKCLM, LTD.,**
and **DALE KREIL,**

      Plaintiffs,

      v.                        Case No. 11-C-933

**EAGLE MOVERS, INC.,**
**APOLLO PROPERTIES, LLC,**
**BRYAN DOMIN,**
**PAMELA K. MILLER,**
in her individual capacity,
and **COUNTY OF MILWAUKEE,**

      Defendants.

# DECISION AND ORDER

Plaintiffs DKCLM, Ltd. ("DKCLM") and Dale Kreil ("Kreil"), (collectively the "Plaintiffs"), have brought a 42 U.S.C. § 1983 action against Defendants Eagle Movers, Inc. ("Eagle Movers"); Apollo Properties, LLC ("Apollo"), and Bryan Domin ("Domin"), (Apollo and Domin collectively, the "Landlord Defendants"); Pamela K. Miller ("Miller"), in her individual capacity, and the County of Milwaukee (the "County"), (Miller and the County collectively, the "County Defendants"). The Complaint alleges that the Defendants violated the Plaintiffs' civil rights during a 2005 eviction.

The Landlord Defendants and the County Defendants filed separate motions for judgment on the pleadings and/or for summary judgment on the Plaintiffs' Fourteenth Amendment due process claims (ECF Nos. 48, 34), and the Plaintiffs have moved to preclude the expert testimony proposed by the County Defendants (ECF No. 46). The Plaintiffs' summary judgment opposition briefs assert they have also raised, "alberit [sic] indirectly" the Fourth Amendment as a basis for recovery, and they seek summary judgment finding that the Defendants are liable for violating the Fourth Amendment. (Pls. Br. Opp'n Mot. Summ. J, 21.) (ECF No. 37.) (*See also* Pls. Br. Opp'n Mot. Summ. J, 24-25.) (ECF No. 51.)

**BACKGROUND**

DKCLM operated a marine business on property that it leased from Apollo. (Pls. Resp. Cnty. Defs. Proposed Findings of Fact ("PFOF") ¶¶ 1, 2.) (ECF No. 40.) Kreil is an officer of DKCLM, managed its business, and was a former subtenant of DKCLM. (*Id.* at ¶ 1.) Domin was a member of Apollo, the property owner. (*Id.* at ¶¶ 2, 3.)

From March to August 2005, the Landlord Defendants sought eviction against the Plaintiffs in Milwaukee County small claims court on three occasions. The first case was dropped after a stipulation was entered providing that in the event of future default by the Plaintiffs the Landlord

Defendants were entitled to an immediate writ of assistance by submitting an affidavit to the court that the Plaintiffs had breached their obligations under the lease. (*Id.* at ¶ 13.) After approving the stipulation, the small claims court dismissed the action. (*Id.*)

Two months later, the Landlord Defendants again sought eviction, submitting an affidavit of default. The small claims court vacated the prior stipulation, entered a default judgment, and ordered judgment for the Landlord Defendants for a writ of restitution. (*Id.* at ¶ 14.) After several weeks, the parties stipulated to removing the default judgment. Just as in their earlier agreement, they agreed that upon future default by the Plaintiffs, the Landlord Defendants could immediately request the court for a writ of assistance without notice upon submitting an affidavit that the Plaintiffs were in breach. (*Id.* at ¶ 16.)

In August 2005, Domin filed an affidavit that DKCLM was in default of the lease and sought a judgment of eviction for a third time. (*Id.* at ¶ 17.) On August 24, the small claims court ordered an eviction judgment and a writ of restitution. (Pls. Resp. Apollo Defs. PFOF ¶ 9.) (ECF No. 53.) On September 1, the small claims court stayed the writ until September 13. On September 21, the court again stayed the writ until September 26. (Pls. Resp. Cnty. Defs. PFOF ¶¶ 19, 20.)

On October 5, the County Sheriff's Department began to execute the writ of restitution by removing the Plaintiffs' personal property from the premises. (*Id.* at ¶ 22.) The eviction began under the oversight of Detective Jon Nilsen, and the following day Miller, also a detective in the sheriff's department, assumed responsibility for the remainder of the eviction. (*Id.* at ¶¶ 22, 23.) Removal of the Plaintiffs' personal property on the site continued through October 12, and Miller returned to the premises on October 19 and 20 to conclude the eviction by removing additional property. (*Id.* at ¶¶ 23, 26.)

On October 5, 2011, the Plaintiffs filed this action to "recover the value of the property which was unlawfully destroyed or disposed of during the course of their eviction." (Compl. ¶ 101.) (ECF No. 1.) The Complaint alleges "execution of the writ [of assistance] was unlawful since the authority of all of the Defendants to undertake actions under the writ of assistance expired by statute within ten days of the delivery to the Milwaukee County Sheriff of the writ, that it [sic], on or by September 8, 2005, all as provided by *Wolf-Lillie v. Sonquist*, [699] F.2d 864 (7th Cir. 1983)."[1] (*Id.* at ¶ 416.)

---

[1] The Court has corrected the volume number of the reporter, which the Plaintiffs cited as "609."

The Complaint includes a section entitled "Violations of Law," with the sub-caption "Liability Under 42 U.S.C. § 1983—Fourteenth Amendment Due Process," which asserts three claims arising out of the eviction: (1) By obtaining the writ of assistance and executing it without giving notice or an opportunity to be heard, the Defendants violated the Plaintiffs' procedural due process rights under the Fourteenth Amendment (Compl. ¶ 503); (2) The Plaintiffs' Fourteenth Amendment due process rights were violated because some of their personal property that was removed from the premises was not returned to them (*Id.* at ¶ 501); and (3) the County is liable under Wis. Stat. § 895.46 for the acts of Miller taken within the scope of her employment (*Id.* at ¶ 502).

The Plaintiffs maintain that they are entitled to proceed on a Fourth Amendment claim, relying on the Complaint's citation to *Wolf-Lillie*. The County Defendants object that the Complaint does not specify a claim based on a Fourth Amendment violation, the Plaintiffs should not be allowed to raise the legal theory in response to the summary judgment motions, and the Plaintiffs have not sought leave to amend their Complaint. (County Defs. Reply Pl. Opp'n, 5-7.) (ECF No. 43.)

The Complaint alleges that the action is brought to recover the value of the property which was unlawfully destroyed or disposed of during

the course of their eviction, and "execution of the writ was unlawful" because the "authority of all of the Defendants to undertake actions under the writ of restitution expired." (Compl. ¶¶ 101, 416.) This language, as supported by the factual allegations of the Complaint, provides "a short and plain statement of the claim" and the grounds upon which it rests. Fed. R. Civ. P. 8(a). Rule 8(a) has no requirement that a claim be stated in any particular location within a complaint. A complaint does not need to plead legal theories, it only needs to allege a claim and the facts upon which it rests. *See McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 427 (7th Cir. 2005) (citations omitted). Because the Complaint gave fair warning of the claim at the summary judgment stage the Plaintiffs are entitled to advance any legal theory to support that claim including the Fourth Amendment claim which can be sustained on the facts pleaded in the Complaint. *See O'Grady v. Vill. of Libertyville*, 304 F.3d 719, 723 (7th Cir. 2002).

## ANALYSIS

Summary judgment is proper if the pleadings, discovery materials, and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party points out that "there is an absence of

evidence supporting the nonmoving party's case," the non-movant has the burden of making a sufficient showing to establish a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 325 (1986). The non-movant has the production burden for each element that he or she has the burden of proof for at trial. *Id.* at 322-23. While considering summary judgment, the Court construes all facts in the most favorable light to the non-movant and draws all reasonable inferences in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## Statute of Limitations

The Landlord Defendants argue that statute of limitations for bringing a § 1983 actions bars the Plaintiffs' claims. (Landlord Defs.' Mot., 7.) (ECF No. 48.) Congress has not specified a statute of limitations for the federal action created by § 1983. In *Wilson*, the Supreme Court held that the statute of limitations for § 1983 actions is the personal injury action statute of limitations for the state in which the district court sits. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). For states having several different statutes of limitations that apply to different types of personal injury actions, *Owens* held that the applicable statute of limitations is the state's residual or general personal injury statute of limitations. *Owens v. Okure*, 488 U.S. 235, 236 (1989). Section 1983 claims arising in Wisconsin

are governed by the six-year personal rights statute of limitations. *Reget v. City of La Crosse*, 595 F.3d 691, 694 (7th Cir. 2010) (citing Wis. Stat. § 893.53, governing actions to recover for violations of injuries to noncontractual rights); *Gray v. Lacke,* 885 F.2d 399, 409 (7th Cir. 1989) (applying section 893.53 to § 1983 equal-protection claims filed in Wisconsin). The eviction that the Plaintiffs allege caused them injury began on October 5, 2005, and the Plaintiffs filed their § 1983 claims on October 5, 2011—within the six-year statute of limitations.

### *Rooker-Feldman* Doctrine

The Landlord Defendants and the County Defendants also argue that the Court lacks jurisdiction over the Plaintiffs' claims under the *Rooker-Feldman* doctrine. (ECF Nos. 60-61.) The *Rooker-Feldman* doctrine prevents federal district courts from hearing actions that challenge a state-court judgment, because only the Supreme Court has appellate jurisdiction over state-court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Specifically, district courts have no subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before

the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284.

The applicability of the *Rooker-Feldman* doctrine depends on whether the alleged injury "resulted from the state court judgment itself or is distinct from that judgment." *Long v. Shorebank Dev. Co.*, 182 F.3d 548, 555 (7th Cir. 1999) (citation omitted). Therefore, the Court inquires whether the relief sought by the federal plaintiff is directly attempting to have the state-court judgment set aside or whether the plaintiff is presenting an independent claim. *See Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004). Further, the doctrine applies even when the relief sought is money damages instead of the outright reversal of the state-court judgment. *Garry v. Geils*, 82 F.3d 1362, 1370 (7th Cir. 1996).

The *Rooker-Feldman* doctrine precludes the Plaintiffs' claim that performing the eviction without giving notice or opportunity for a hearing violated their due process under the Fourteenth Amendment. It is a bit disingenuous for the Plaintiffs to argue that they were not given notice or were not provided a hearing when over the course of March to August 2005 the Plaintiffs were initially given proper notice and the eviction procedure was dropped because the Plaintiffs entered into two stipulations

- 9 -

accepted by the small claims court, that any further failure of the Plaintiffs to comply would result in the entry of judgment upon affidavit without notice or a hearing!    That claim directly challenges the state court's judgment of eviction.  Specifically, it seeks damages for an alleged procedural due process violation which occurred in the small claims court. In essence, the Plaintiffs claim injury from losing in state court and now invite this Court to review the state court's judgment.  Under the *Rooker-Feldman* doctrine, the Court dismisses the Plaintiffs' Fourteenth Amendment notice and hearing claim because it lacks jurisdiction.

The Court will assume subject-matter jurisdiction over the Plaintiffs' claims that using an expired writ for the eviction was unlawful under the Fourth Amendment, and that the Fourteenth Amendment was violated by the failure to return some personal property removed from the site. These claims arise independently of the state-court judgment in that the state-court judgment itself was not the source of the Fourth Amendment injury claim.  Rather, the claim is that the Defendants lacked authority under the state-court judgment to perform an eviction and remove property.

Likewise, the Fourteenth Amendment removal of property claim is independent of the judgment.  It alleges that the state court's eviction

judgment and ensuing writ of assistance were performed unlawfully because property removed from the premises was not returned as required by Wisconsin statutes. The Plaintiffs seek relief for the injury resulting from the Defendants' alleged improper manner of executing the state-court judgment. The state-court judgment only authorizes actions taken in accordance with the writ it issued and applicable state statutes. In *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646 (7th Cir. 2011), "the [plaintiffs'] injury . . . was effectuated by the state court's judgment." In this claim the injury arises not from the judgment but from the manner in which it was executed, because the Plaintiffs argue that they would not have been deprived of property if the writ had been executed properly according to statute.

## Fourth Amendment Claim

Having determined it has jurisdiction over the Fourth and Fourteenth Amendment removal of property claims (Compl. ¶¶ 501, 416), the Court will consider the issues raised. The Plaintiffs level their Fourth Amendment claim against all the Defendants because they did not have authority to perform the eviction and remove property because the writ of assistance expired. In addition to the County Defendants, the Landlord Defendants and Eagle Movers are also allegedly liable for the Fourth

Amendment violation because they acted in concert with Miller and the County.[2]

*Wolf-Lillie* concluded that Wis. Stat. § 799.45(5) requires the sheriff to start and complete execution of a writ of assistance within ten days of receipt. *Wolf-Lillie*, 699 F.2d at 867 & n.8 (citing *Wolf-Lillie v. Kenosha Cnty. Sheriff*, 504 F. Supp. 1, 4 (E.D. Wis. 1980)). Thus, 11 or more days after the sheriff receives it, the writ is invalid. *Id.* The Fourth Amendment's protection against unreasonable searches and seizures applies fully in civil contexts. *Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 66-67 (1992). To conform with the Fourth Amendment, a seizure made without a warrant must be reasonable. *Id.* at 61-62.

After being stayed in early September, the writ of assistance was re-issued by the small claims court on September 21 and stayed until September 26. Starting then, the Landlord Defendants had 30 days to deliver the writ to the sheriff for execution. Wis. Stat. § 799.44(2) (2005-06). The record contains no evidence showing the date that the Milwaukee County Sheriff's Department received the writ after it was re-issued on September 21; that date would initiate the ten-day execution timetable.

---

[2] Given its analysis of the constitutional issues, the Court need not address the Landlord Defendants' contention that they did not act under color of state law and therefore cannot be held liable.

As part of their claim, the Plaintiffs bear the burden of showing that the writ was expired. The Plaintiffs have not produced evidence that the sheriff received the writ any earlier than October 5, the day the department began executing the writ. Having no other evidence, the Court will treat October 5 as the date the writ was delivered to the sheriff.

The parties do not analyze the calculation of the 10-day period for execution of the writ and neither the appellate nor the district court's *Wolf-Lillie* decisions discuss calculation of the time periods for eviction proceedings. Furthermore, this Court's research has not disclosed any state court decisions addressing how the time periods are to be calculated.

Section 799.04(1), Wis. Stats., provides in relevant part: "Except as otherwise provided in this chapter, the general rules of practice and procedure in chs. 750 to 758 and 801 to 847 shall apply to actions and proceedings under this chapter." Both §§ 799.04(1) and 801.01(2), Wis. Stats., provide that the general rules of civil procedure apply to small claims cases unless specifically provided otherwise in ch. 799, Wis. Stats. *See Mock v. Czemierys,* 113 Wis. 2d 207, 210, 336 N.W.2d 188, 189 (Wis. Ct. App. 1983).

Wisconsin Statute § 801.15 provides that when a period of time prescribed is less than 11 days, Saturdays, Sundays and holidays shall be

excluded from the computation. Holiday means any day that is a holiday or a statewide legal holiday as provided in Wis. Stat. §§ 230.34(4)(a) and § 995.20. The second Monday of October ("Columbus Day") is designated as a statewide legal holiday in § 995.20. Applying these rules, four weekend days and the Columbus Day holiday were excluded, meaning that the sheriff had until October 20 to execute the writ. Thus, all the Plaintiffs' property was removed before the writ expired. Because Miller was authorized to remove the property through October 20, her actions did not violate the Fourth Amendment. Furthermore, after the entry of the eviction judgment the Plaintiffs had no right to continue to store any personal property at the site, and any property remaining on the premises was there illegitimately.

On the other hand, if the writ was expired, removing the property without a valid writ would constitute a seizure without authorization only if it was unreasonable under the circumstances. *See United States v. Jacobsen,* 466 U.S. 109, 113 (1984) (A "'seizure' occurs when there is some meaningful interference with an individual's possessory interests in that property." (citations omitted)).

The lawfulness of a warrantless seizure depends on its reasonableness. Once there was a judgment of eviction ordering the

- 14 -

Plaintiffs off the premises, the general rule of presumptive unreasonableness of warrantless seizures became inapplicable to the Plaintiffs' situation.[3] The Fourth Amendment reasonableness inquiry concerning a warrantless search or seizure entails weighing the government interest in the intrusion against the privacy interests infringed. *See, e.g., Ill. v. McArthur,* 531 U.S. 326, 331 (2001) (if a per se rule of unreasonableness does not apply to a warrantless seizure of personal property, the court "balance[s] the privacy-related and law enforcement-related concerns to determine if the intrusion was reasonable"). In this situation, the state possessed a strong interest in removing the property despite not having an operative warrant. Completing the eviction and removing the remaining property advanced the state's interest in effectively performing evictions using state actors so that landlords do not resort to self-help measures. Further, if it is assumed that the removal occurred only a few days after the ten-day window expired, the delay is insignificant compared to the delay that was addressed by the revised eviction statute.[4] Miller's log of the eviction also

---

[3] In *Wolf-Lillie*, 699 F.2d at 871 n.14, the court of appeals expressly noted that it withheld comment on the district court's analysis and conclusion that under Wisconsin law Wolf-Lillie had a protectable property interest in remaining in possession of the lot she occupied.

[4] See Robert F. Boden, *1971 Revision of Eviction Practice in Wisconsin*, 54 Marq. L. Rev.

shows that an external factor beyond any party's control, a skunk on the premises, interfered with and delayed eviction during the period the writ was valid. (Foley Aff., Ex. 1001 (Miller Aff.) ¶ 4, Ex. B.) (ECF No. 34-3.) On the other side of the scale, the private property interest invaded was minimal. (Supported by the fact that the Plaintiffs waited six years to seek redress.) Significantly, the Plaintiffs offer no argument why the removal was unreasonable.

The Court concludes that whether or not the writ had expired, the removal of property on October 19 and 20 was not unreasonable and thus did not violate the Fourth Amendment. Summary judgment is granted in favor of the County Defendants and the Landlord Defendants dismissing the Plaintiffs' Fourth Amendment claim.

**Fourteenth Amendment Removal of Property Claim**

The Plaintiffs also claim that the Defendants' failure to return the personal property removed from the premises deprived them of the property in violation of the Fourteenth Amendment. A writ of assistance authorizes the sheriff or a sheriff's employee to dispose of personal property left on the premises if ordinary care is exercised in determining

---

298 (1971), for a discussion of the tactics used by landlords to hold on to writs of execution to use as a tool to collect rents and then to have them executed months later. The type of delay here is not the type of delay the revised statute sought to address.

that the property "is without monetary value." Wis. Stat. § 799.45(3)(c) (2005-06). The Plaintiffs allege that the Defendants did not have due cause to determine that certain personal property should have been discarded. (Compl. ¶¶ 412, 413.)

The Plaintiffs' alleged injury from the disposal of their property without ordinary care during an eviction is not actionable under the Fourteenth Amendment. Compliance with the Wisconsin eviction statute does not violate due process because it only authorizes discarding property on the premises that has no monetary value. *See* Wis. Stat. § 799.45(3)(c) (2005-06). Lack of care in the decision to discard the Plaintiffs' property does not constitute a Fourteenth Amendment deprivation. *See Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). Any disposal intentionally contrary to the Wisconsin eviction statute would not be predictable and when a state is not in a position to provide for due process before a deprivation of property because the deprivation is unpredictable, the existence of a meaningful post-deprivation remedy satisfies due process. *See Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984). Specifically, deprivations of property under color of law during an eviction in Wisconsin are remediable by a post-deprivation state tort action under Wis. Stat. § 893.80. *Wolf-Lillie*, 699 F.2d at 871.

A state action must be arbitrary to violate substantive due process under the Fourteenth Amendment. *See Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 223 (1985). There is no evidence demonstrating the property disposal in this case was "such a substantial departure from accepted [eviction] norms as to demonstrate that the person . . . responsible did not actually exercise professional judgment." *Id.* at 225. Additionally, discarding personal property left behind during an eviction is not inherently arbitrary, as other states do not require landlords to return property after an eviction and permit disposal of such property. *See, e.g.*, Colo. Rev. Stat. § 13-40-122(3) (affirmatively stating the landlord has no duty to return property); Ind. Code § 32-30-8-12 (containing no provision that explicitly imposes a duty on landlord to store and return property). Accordingly, because the Plaintiffs' Fourteenth Amendment rights were not violated, summary judgment is granted as to the removal of property claim in favor of the County Defendants and the Landlord Defendants.

Since the Plaintiffs' claims against Miller have been dismissed, the County has no liability under Wis. Stat. § 895.46. Thus, the indemnification claim is also dismissed on summary judgment. Additionally, with the dismissal of the Plaintiffs' claims against the County Defendants, the Plaintiffs' motion to preclude the expert testimony

put forward by the County Defendants is denied as moot.

## Eagle Movers

The case against Eagle Movers is also dismissed. It was acting as a contractor for the County Defendants, and should suffer the same fate as the County Defendants who are dismissed. The Court's analysis of the Fourteenth Amendment claims and Fourth Amendment disposal of property claim is applicable to Eagle Movers. The Court finds no liability for someone who is executing a warrant of eviction if proceeding under a court order.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Apollo and Domin's motion for summary judgment dismissing the Plaintiffs' claims against them (ECF No. 48) is **GRANTED** and Apollo and Domin are dismissed from this action;

Miller and the County's motion for summary judgment dismissing the claims against them (ECF No. 34) is **GRANTED** and Miller and the County are dismissed from this action;

Eagle Movers is **DISMISSED** from this action;

DKCLM's and Kreil's motion to preclude expert testimony (ECF No. 46) is **DENIED** as moot;

and

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2014.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**